UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 1:18-cr-10253-IT |
| | * | |
| JAIRO FLORES, | * | |
| | * | |
| Defendant. | * | |

ORDER

January 24, 2020

TALWANI, D.J.

On October 9, 2019, the court entered Judgment [#64] but deferred the determination of restitution owed to Defendant's victims pursuant to 18 U.S.C. § 2259 and Paroline v. United States, 572 U.S. 434 (2014). The government and the Defendant have now filed a Joint Memorandum Regarding Restitution [#71].

The government identified 42 known victims in the Defendant's collection of child pornography. Five of these have asked the government to make specific restitution requests on their behalf. Those requests are set out in the Joint Memorandum [#71].

The parties agree that the submissions previously filed with the court under seal on behalf of the victims, see Addendum to Victim Impact Statements [#59], provide a sufficient basis for the court to find that the awards proposed in the Joint Memorandum [#71] are appropriate and reasonable in the context of this case, that the proposed amounts are reasonable determinations of the losses incurred and reasonably projected to be incurred in the future, and that they are the proximate results of the Defendant's offenses. Jt. Mem. 2 [#71]. The parties agree further that the victims' submissions demonstrate that the losses are attributable to the statutorily-eligible sources, namely medical services, physical and occupational therapy and rehabilitation,

transportation, housing, childcare, lost income, attorney's fees, and other "relevant losses incurred by the victim." Id. (quoting 18 U.S.C. § 2259(c)(2)(A)-(F)). The parties also agree that the listed amounts, which total $5,000, are not "token or nominal," but instead comprise a "reasonable and [circumscribed] award imposed in recognition of the indisputable role of the offender in the causal process underlying the victims' losses and suited to the relative size of that causal role." Id. (quoting Paroline, 572 U.S. at 459). Following review of the victims' submissions, which include legal memoranda, psychological evaluations, and financial impact assessments, the court concurs, and orders payment of restitution in the listed amounts, as follows:

1. "Jan Socks (Sierra)" - $1,000
2. "Marineland (Sarah)" - $1,000
3. "2crazygurls (Chelsea)" - $1,000
4. "Sweet White Sugar (Pia)" - $1,000
5. "Vicky/Lily" - $1,000

Based upon the parties' agreement and the court's own determination that the proposed timeline is reasonable, these amounts are all due by March 15, 2020.

The Judgment [#64] will be amended consistent with this Order.

IT IS SO ORDERED.

January 24, 2020

/s/ Indira Talwani
United States District Judge